UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IRVING GOMEZ, | ) |
|        Petitioner, | ) |
| v. | ) No. 1:23-cv-00577-JRS-KMB |
| UNITED STATES OF AMERICA, | ) |
|        Respondent. | ) |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Order, the motion of Irving Gomez for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir.

2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

In 2021, Mr. Gomez was charged with: three counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Counts 1, 3, 5) ("Hobbs Act Robbery"); and three counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2, 4, 6). *United States v. Gomez*, 1:21-cr-339-JRS-MJD-1 (Cr. Dkt.), dkt. 25.

That same day, the parties filed a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). Cr. Dkt. 30. In the plea agreement, Mr. Gomez agreed to plead guilty to all counts and the parties agreed that a sentence between 21 and 26 years would be appropriate. *Id.* ¶ 1, 9. As part of the plea agreement, Mr. Gomez agreed not to challenge or seek to modify his conviction or sentence on direct appeal or through an action under 28 U.S.C. § 2255, except for 1) claims of ineffective assistance of counsel; 2) retroactive sentencing guidelines reductions; and 3) a motion for compassionate release. *Id.* ¶ 19.

In March 2022, the Court conducted Mr. Gomez's plea and sentencing hearing. Cr. Dkt. 44. The Court found Mr. Gomez was fully competent and capable of entering an informed plea, and was aware of the nature of the charges and the consequences of the plea, and that the plea was knowing and voluntary and supported by an independent basis in fact containing each of the essential elements of the offense. Cr. Dkt. 66 at 29. The Court then found him guilty of Counts 1 through 6 of the Information. *Id*. Next, during the sentencing portion of the hearing, the Court found that Mr. Gomez's total offense level was 24 with a criminal history category of I, providing for an advisory guideline range of 51 to 63 months' imprisonment for Counts 1, 3 and 5. *Id*. at 47.

The Court then heard from Mr. Gomez who stated in part:

THE DEFENDANT: Thank you, Your Honor. Your Honor, I stand here before you as a repentant man. Although all these things, you know, have come to light, I still believe you should know the reason and why I committed my shameful acts.

\* \* \*

. . .that's when everything started to close because of COVID. I tried desperately to find any job that I could, since I had lost mine around November. I didn't want to end up back in the streets because, of course, I've already experienced it; and it was during the winter times that I was struggling to keep up with my payments.

So of course, you know, no other way, I chose to commit these crimes. I knew better than to succumb to these evil acts, and I regret it every day. I failed my God. I failed my family and every one else that I affected. I apologize; and if they were here, I would say how sorry I am for my shameful acts, and I would have never hurt them. You know, my intentions were never to hurt anybody. I just needed enough to keep a roof over me so I wouldn't end up in the streets again.

\* \* \*

And I understand that my actions were bad, and I ask the Lord for mercy and forgiveness every day; and now, Your Honor, I also ask you for forgiveness and for mercy, and I ask the prosecutor and everybody involved for a sincere apology for the inconvenience that I caused and the hurt that I caused those people.

And of course, if it was possible for them to be here or for them to receive my message, I would say I'm sorry. I'm sorry and I regret everything that I did, and I will never do those things again. Thank you, Your Honor.

*Id.* at 49-55.

The Court sentenced Mr. Gomez to 303 months' imprisonment (51 months on each of Counts 1, 3, and 5, followed by a consecutive term of 84 months on Count 2, a consecutive term of 84 months on Count 4, and a consecutive term of 84 months on Count 6). Cr. Dkt. 45. Final judgment was entered on March 24, 2022. *Id.* Mr. Gomez did not appeal. He then filed this motion for relief under § 2255.

## III. Discussion

In support of his § 2255 motion, Mr. Gomez argues that: 1) his robberies do not qualify as crimes of violence; 2) he would not have committed the robberies if COVID-19 had not caused financial devastation and if he would have been a documented immigrant; and 3) his fellow inmate received a lesser sentence, which "should take precedent over his" sentence. Dkt. 1 at 4, 5, 7.

The United States argues that Mr. Gomez's claims are waived and procedurally defaulted and that they fail on the merits.

### A. Crime of Violence

First, Mr. Gomez argues that the Court failed to consider that he did not intend to hurt anyone. He states that he was in a physical altercation during only one of the robberies, and that the firearm he used was unreliable and he did not intend to fire it. He concludes that his robberies were not crimes of violence under *United States v. Davis*, 588 U.S. 445 (2019), and *United States v. Taylor*, 596 U.S. 845 (2022). Dkt. 1 at 4. Because this argument clearly fails on its merits, the Court need not address the United States' waiver or procedural default arguments.

This argument is understood to be a challenge to his convictions for brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). The statute defines the term "crime of violence" as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Mr. Gomez cites *Davis*, in which the Supreme Court held that clause (B) of § 924(c)(3) (the "residual clause") is unconstitutionally vague. 588 U.S. at 470. This holding was based on

4

previous decisions in *Johnson v. United States*, 576 U.S. 591 (2015) (finding the similar residual clause of the Armed Career Criminal Act to be unconstitutionally vague) and *Sessions v. Dimaya*, 584 U.S. 148 (2018) (finding the residual clause of the definition of "crime of violence" in the federal criminal code to be unconstitutionally vague). But the Seventh Circuit has repeatedly held that Hobbs Act Robbery qualifies as a crime of violence, not under the residual clause, but under the "elements clause" – § 924(c)(3)(A). *See United States v. Worthen,* 60 F.4th 1066, 1069 (7th Cir. 2023); *United States v. McHaney*, 1 F.4th 489, 491 (7th Cir. 2021) (citing cases). In *Taylor*, the Supreme Court did hold that *attempted* Hobbs Act Robbery is not a "crime of violence" under § 924(c)(3). 596 U.S. at 859. But Mr. Gomez was convicted of completed Hobbs Act Robbery, not its attempt. Therefore, *Taylor* cannot support his challenge.

Further, although Mr. Gomez contends that he did not intend violence during his robberies, the "crime of violence" determination is based only on the language of the applicable statute, not the specific facts of a particular crime. *See Worthen*, 60 F.4th at 1068. Mr. Gomez therefore has failed to show that his Hobbs Act Robbery is not a "crime of violence."

### B. Sentencing Arguments

Next, Mr. Gomez asserts that he committed the robberies because he lost his job during the COVID-19 pandemic and, because he is an undocumented immigrant, it was difficult to find a new job. Dkt. 2 at 5. This is understood to be a challenge to the calculation of his sentence. He also argues that his sentence is much higher compared to a "fellow inmate here at FCI Oxford [who] has a case very similar in facts" but with a "more extensive criminal history." Dkt. 1 at 7. These sentencing arguments are waived.

"A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th

Cir. 2011); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016). In his plea agreement, Mr. Gomez agreed to waive his right to challenge his "conviction or sentence or the manner in which either was determined in any later legal proceeding, including … an action brought under § 2255" except for claims of ineffective assistance of counsel, retroactive sentencing guidelines reductions, and a motion for compassionate release. Cr. Dkt. 30 ¶ 19.

Mr. Gomez does not argue that any of the exceptions to enforcing the waiver provisions of his plea agreement should apply. And he does not identify a retroactive change to the sentencing guidelines or argue that his counsel provided ineffective assistance at sentencing. Indeed, Mr. Gomez presented his arguments regarding the pressures he was facing at the time of his crimes during his sentencing allocution and the Court took them into account. *See* dkt. 66 at 74. His sentencing arguments are therefore waived.

### IV. Conclusion

For the reasons explained in this Order, Mr. Gomez is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Order in No. 1:21-cv-339-JRS-MJD-1.** The motion to vacate, Cr. Dkt. [60], shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Gomez has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 1/7/2025

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

IRVING GOMEZ
43752509
TERRE HAUTE – FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov